[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #111
This is a case in which the plaintiffs employer, is making a claim for expenses paid on behalf of its employee who was injured when he fell on ice on stairs leading to a condominium unit in a complex located in Waterbury. The fall occurred on the steps leading to the unit owned by the defendant. It is the claim of the defendant Dolly Caldwell that the area in which the plaintiff fell was a "common area" of the condominium over which the defendant exercised no possession or control and consequently had CT Page 3437 no legal responsibility to the plaintiff. It is the claim of the plaintiff that the area of the fall was a "limited common element" and under the condominium declarations the unit owner was responsible for the maintenance of that particular area.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book §17-49. "In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp.v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. United Technologies Corp., 233 Conn. 732,751-52, 660 A.2d 810 (1995). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998).
There exits as the plaintiff argues "limited common elements" in the Lakewood Village declaration. "Limited common elements" under Common Interest Ownership Act, General Statutes § 47-200 et seq. (hereinafter the "Act") is defined in § 47-202 (19) as "a portion of the common elements allocatedby the declaration . . . for the exclusive use of one or more but fewer than all of the units" (Emphasis added). The Lakewood Village declaration specifies, in article I, § 6.3, that each unit owner[1] shall be responsible for the maintenance of those limited common elements described in article V. Article V sets forth portions of common elements that have been allocated as limited common elements, including "[s]toops and steps at the entrances to each building, which provide access to less than all Units,[2] the use of which is limited to the Units to which they provide access." Article V(c).
The steps on which the plaintiffs employee fell are located outside the entrance of the defendant Caldwell's unit. They do not provide access to all the units in the complex; rather, they provide access only to those units within the building that houses the Caldwell unit. It seems therefore that area where the CT Page 3438 plaintiffs employee fell was within the "limited common elements" and that the responsibility for the maintenance of that area is the obligation of the defendant Caldwell. Whether the defendant Caldwell did in fact maintain control over that area is a question of fact for the fact finder to determine. For the purposes of this motion the court is obligated to accept as true the allegations of the complaint. There are disputed issues of fact. The Motion for Summary Judgment is denied.
PELLEGRINO, J.